IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FRANK MILO UJAZDOWSKI,

                                                           ORDER

               Petitioner,

                                                      08-cv-102-bbc

    v.

C. HOLINKA, Warden,
FCI Oxford, Wisconsin; and
FEDERAL BUREAU OF PRISONS,

               Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Frank Milo Ujazdowski is a prisoner at the Federal Prison Camp in Oxford, Wisconsin. He has filed a pleading styled as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, but he has not paid a filing fee. In the petition, petitioner asks this court to order the Bureau of Prisons to consider him immediately for a transfer to a halfway house or other transitional program, to begin as early as six months before his projected release date in mid-September 2008, as permitted by 18 U.S.C. §§ 3621(b) and 3624(c).

      Unfortunately for petitioner, it is settled law in this circuit that he cannot raise his claim in an action under §2241. In <u>Richmond v. Scibana</u>, 387 F.3d 602, 605 (7th Cir. 2004), the court held that §2241 is not an appropriate vehicle in which to raise a challenge

1

like this one, complaining about the Bureau of Prisons' interpretation of §§ 3621(b) and 3624(c), because a decision in the petitioner's favor will not entitle him to any change in the duration of his confinement. It reasoned that habeas corpus is reserved solely for those claims in which the prisoner's success would entitle him to release from custody or a shorter duration of confinement. See, e.g., Hill v. McDonough, 126 S. Ct. 2096, 2101 (2006) (habeas is appropriate vehicle when judgment in prisoner's favor would "necessarily imply" that conviction was invalid).

In this case, petitioner's success might entitle him to an order requiring the Bureau of Prisons to consider his eligibility for release to a halfway house earlier than it otherwise would. It would not entitle him to release from custody altogether or to a shortening of the length or duration of his sentence. Thus, habeas corpus is not an appropriate vehicle for petitioner to be raising his claim.

Agencies *can* be sued under the Administrative Procedures Act for violating the Constitution. Under 5 U.S.C. § 706(2)(B), district courts have authority to "hold unlawful and set aside agency action, findings, and conclusions" that are "contrary to constitutional right, power, privilege, or immunity." Although plaintiff does not identify the Administrative Procedures Act in his complaint, I have considered claims identical to petitioner's under that statute in the wake of Richmond. See, e.g., Tristano v. Federal Bureau of Prisons, 2004 WL 5284511 (W.D. Wis. April 18, 2007).

2

However, I will not convert petitioner's habeas corpus petition into a civil action without express direction from petitioner to do so. In <u>Moran v. Sondalle</u>, 218 F.3d 647, 649 (7th Cir. 2000), the court of appeals noted that "[p]risoners may be tempted to choose one route rather than another to avoid limitations imposed by Congress." See also <u>Pischke v. Litscher</u>, 178 F.3d 497, 500 (7th Cir. 1999) (noting different procedural requirements and consequences of § 1983 and habeas corpus statutes as reasons for refusing to convert action). In this case, petitioner may be attempting to avoid a number of limitations by filing his civil rights claim in a petition for a writ of habeas corpus or he may not wish to pay the filing fee for a civil action under the Administrative Procedure Act, which is $350, as opposed to $5 for actions brought under 28 U.S.C. § 2241.

In addition, the requirements for exhausting administrative remedies are stricter in a civil action under the Act than in a § 2241 action. Courts may waive exhaustion requirements in § 2241 cases in some circumstances. <u>Gonzalez v. O'Connell</u>, 355 F.3d 1010, 1016 (7th Cir. 2004). However, the APA statute applies to "final agency action" only. 5 U.S.C. § 704. Agency action is not "final" for purposes of § 704 unless "an aggrieved party has exhausted all administrative remedies expressly prescribed by statute or agency rule." <u>Darby v. Cisneros</u>, 509 U.S. 137, 146 (1993). For his claim, petitioner has an available administrative remedy under 28 C.F.R. §§ 542.10-19. These regulations "allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28

3

C.F.R. § 542.10(a). The process includes three steps, beginning with a grievance filed with the warden, followed by appeal to the regional director and then to general counsel if the prisoner is dissatisfied with any of the earlier decisions. 28 C.F.R. § 542.15(a). If petitioner has not obtained a decision from general counsel denying his claim, there has been no "final agency action" under § 704 and petitioner would have no cause of action under the APA. 28 C.F.R. § 543.32; see also Hartman v. Holder, 2005 WL 2002455, *7 (E.D.N.Y. 2005). (Petitioner has not attached to his "petition" general counsel's decision and he has not alleged that he is seeking review of final agency action.)

Finally, civil actions filed by prisoners who allege a violation of federal law are subject to the 1996 Prison Litigation Reform Act, whereas habeas corpus actions are not. Under the PLRA, the court must assess petitioner an initial partial payment of the $350 filing fee, 28 U.S.C. § 1915(a)(2), screen his complaint before it is served on the respondent and dismiss it promptly if it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a respondent who is immune from such relief, 28 U.S.C. § 1915(e)(2). In addition, the court must collect the remaining portion of the filing fee from the prisoner's inmate account, even if his request for leave to proceed with his action is denied. 28 U.S.C. § 1915(b)(2). Moreover, if a civil complaint filed by a prisoner is dismissed for one of the reasons listed above, he will earn a "strike" under the three strikes provision of § 1915, § 1915(g).

4

In sum, no action can be taken in this case until petitioner clarifies his intentions. If he decides he wishes to pursue his claim in a habeas corpus action, he is free to do so, although upon payment of the $5 filing fee, the action will be dismissed promptly for petitioner's failure to show that he is in custody in violation of the constitution or laws of the United States. If petitioner decides to pursue his action under the APA, he will have to advise the court of that fact no later than March 7, 2008. Either way, petitioner must submit a trust fund account statement for the six-month period immediately preceding the filing of his action so that the court can determine whether he can afford to pay the $5 fee for filing a habeas corpus action if that is his choice, or what amount he must pay as an initial partial payment of the $350 fee for filing a civil action under the APA, if that is his choice.

ORDER

IT IS ORDERED that petitioner Frank Milo Ujazdowski may have until March 7, 2008, in which to inform the court whether he wishes this court to treat his pleading as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 or as a complaint in a civil action under the Administrative Procedures Act. Whether he chooses to proceed under the APA or habeas corpus statute, he must submit, no later than March 17, 2008, a trust fund account statement for the period beginning approximately September 1, 2007 and ending

approximately March 1, 2008, so that I can assess him an initial partial payment of the $350 filing fee if he chooses to proceed under the APA, or determine his indigence if he chooses to proceed under § 2241.

Further, IT IS ORDERED that if petitioner chooses to proceed under the APA, he may have until March 17, 2008, in which to submit any decision he may have received from general counsel denying his claim.

Finally, IT IS ORDERED that if petitioner fails to respond to this order by March 7, 2008, I will treat his action as a habeas corpus action and dismiss the case for his failure to pay the filing fee or show that he is entitled to proceed in forma pauperis.

Entered this 25th day of February, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

6